## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## NORTHERN DIVISION
## AT COVINGTON

**CIVIL ACTION NO. 15-53-DLB-CJS**

**TODD BONDS**                                                                                   **PLAINTIFF**


**vs.**            **ORDER ADOPTING REPORT AND RECOMMENDATION**


**WALTON INDEPENDENT BOARD OF EDUCATION, et al.**
                                                                          **DEFENDANTS**

*******************

       This matter is before the Court on the Report and Recommendation ("R&R") of

United States Magistrate Judge Candace Smith (Doc. # 34), wherein she recommends that

the Court grant Defendants' joint Motions to Dismiss (Docs. # 15 & 18).  Defendant has

filed Objections to the R&R (Doc. # 38) as well as a Motion to Stay (Doc. # 39).  Having

reviewed Plaintiff's Motions, the Court will adopt the R&R as the findings of fact and

conclusions of law of the Court and deny Plaintiff's Motion to Stay for the reasons stated

herein.

       Pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections within fourteen

days after being served with a copy of a Magistrate Judge's Report and Recommendation.

If a party is properly informed of the consequences of failing to file an objection, "the party

waives subsequent review by the district court . . . [by failing] to file an objection." *Miller v.*

*Currie*, 50 F.3d 373, 380 (6th Cir. 1995).  Objections must specifically challenge portions

of the report or the proposed findings or recommendations.   Filing vague, general, or

1

conclusory objections does not meet the specificity requirements and may be treated as a complete failure to file. *Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009) (citing *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001)).

District courts in the Sixth Circuit also have held that, "an 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004); *Holl v. Potter*, No. C-1-09-618, 2011 WL 4337038, at *1 (S.D. Ohio. Sept. 15, 2011) (holding that "objections that merely restate arguments raised in the memoranda considered by the Magistrate Judge are not proper, and the Court may consider such repetitive arguments waived"). Such an "objection" fails to put the district court on notice of any potential errors in the Magistrate Judge's Report and Recommendation. *VanDiver*, 304 F. Supp. 2d at 938.

Here, Plaintiff does not directly challenge the Magistrate Judge's finding in any way. He does not contend that she erred in legal or factual determinations. Thus, by failing to file specific objections to the R&R, Plaintiff has waived his right to challenge those findings. *See Zimmerman*, 354 F. App'x at 230. Instead, Plaintiff claims that: (1) the Magistrate Judge was "lied to" by opposing counsel or one of more of the Defendants; and (2) that there was evidence not presented to the Magistrate Judge to support his claim of "ethnic bullying," which was properly and broadly construed as a claim for racial discrimination pursuant to 42 U.S.C. § 1983.

First, Plaintiff's assertion that either counsel or the Defendants lied to the Court is wholly unfounded. He briefly mentions an individual being mistakenly listed as his reference when she actually was not. Short of that, Plaintiff has made nothing more than

2

blanket assertions about dishonesty.  Because Plaintiff has not sufficiently detailed his first objection, the Court finds that he has waived his right to challenge the Magistrate Judge's findings on this ground.  *Id.*

Plaintiff also presents new evidence of "ethnic bullying."  Specifically, Plaintiff claims that his former co-workers used racial slurs.  While the Court does have discretion to entertain new evidence that was not presented the Magistrate Judge, it need not exercise that discretion here because this evidence does not fit the theory of the case as litigated to date.[1]  *See Muhammad v. Close*, No. 08-1944, 2009 WL 8755520, at *2 (6th Cir. Apr. 20, 2009); *see also United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) (holding that a district court may, but is not required to, consider facts that were not presented to a magistrate judge); *The Glidden Co. v. Kinsella*, 386 F. App'x 535, 544 (6th Cir. 2010).  Plaintiff's § 1983 claim was premised on conduct that occurred after his termination; it was not based upon discriminatory action he suffered during his course of employment.  Moreover, even if the Court were to consider this new evidence, it is too vague to defeat Defendant's Motion to Dismiss.  Plaintiff's second objection must be overruled.

Plaintiff also has filed a Motion to Stay (Doc. # 39), which is identical to his Objections.  Liberally construed, Plaintiff asks the Court to stay the proceedings due to his current incarceration.  However, his request is premised on being given time to present new evidence that was not presented to the Magistrate Judge – something this Court will not permit him to do as he points to no evidence that would advance any of his current claims.

---

1) The Court has reviewed all of Plaintiff's prior filings – his Complaint, Response to the Motion to Dismiss, Motion for Partial Summary Judgement and his Reply thereto – and there is absolutely no reference the use of racial slurs by anyone, let alone his former co-workers.  Moreover, Plaintiff has not provided a name or date for any of this newly-alleged discriminatory conduct.

Thus, his Motion to Stay is without merit, and would create needless delay in resolving this matter.

Accordingly,

**IT IS ORDERED AND ADJUDGED** as follows:

(1)   The Magistrate Judge's Report and Recommendation (Doc. # 34) is hereby **ADOPTED** as the findings of fact and conclusions of law of the Court;

(2)   Plaintiff Bonds's Objections to the Magistrate Judge's Report and Recommendation (Doc. # 38) are **OVERRULED**;

(3)   Defendants' Motions to Dismiss (Docs. # 15 & 18) are **GRANTED**;

(4)   Plaintiff's Complaint (Doc. # 2) is **DISMISSED WITH PREJUDICE** as to Counts 1 and 2, and **DISMISSED WITHOUT PREJUDICE** as to Count 3;

(5)   Plaintiff's Motion for Partial Summary Judgment (Doc. # 28) is **DENIED AS MOOT**;

(6)   Plaintiff's Motion to Stay (Doc. # 39) is **DENIED**; and

(7)   This matter is hereby **STRICKEN** from  the Court's active docket.

This 21st day of March, 2016



Signed By:

*David L. Bunning*

**United States District Judge**

G:\DATA\ORDERS\Cov15\15-53 Order Adopting R&R.wpd

4